UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and STATE OF NORTH DAKOTA, | ) ) ) | Civil No:  1:22-cv-00089-DLH-CRH |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BELLE FOURCHE PIPELINE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## ANSWER

Defendant, Belle Fourche Pipeline Company, by and through its attorneys, answers the complaint and alleges as follows:

## <u>NATURE OF ACTION</u>

1.     Belle Fourche Pipeline Company (Belle Fourche) admits that this is a civil action brought against it but denies that Plaintiffs are entitled to civil penalties or injunctive relief or that Belle Fourche has violated any of the laws referenced herein.

2.     Belle Fourche admits that it owns pipelines in North Dakota, Montana, and Wyoming, some of which are buried and gather or transport crude oil, and denies the remaining allegations of Paragraph 2.

US.351067438.03

3.     The allegations contained in Paragraph 3 consist of anecdotal, general statements that are incomplete and conclusory, consist of conclusions of law, and are denied on that basis.  Belle Fourche denies that there was an "Ash Coulee Spill" as defined in this allegation and therefore denies all allegations in the Complaint that refer to an "Ash Coulee Spill."

4.     Paragraph 4 purports to characterize the United States' claims, so no response is required.  To the extent a response is required, Belle Fourche denies that it violated the referenced laws and regulations or that the U.S. is entitled to any of the relief it seeks.

5.     Paragraph 5 purports to characterize the State's claims, so no response is required.  To the extent a response is required, Belle Fourche denies that it violated the referenced laws and regulations or that the U.S. is entitled to any of the relief it seeks.

## JURISDICTION AND VENUE

6.     Paragraph 6 is a legal conclusion, to which no response is required, and is therefore denied.

7.     Paragraph 7 is a legal conclusion, to which no response is required, and is therefore denied.  Belle Fourche reserves the right to challenge the invocation of supplemental jurisdiction.

8.     Belle Fourche denies the allegations in Paragraph 8.

US.351067438.03

9.     Paragraph 9 is a legal conclusion, to which no response is required, and is therefore denied.

10.     Paragraph 10 is a legal conclusion and purports to characterize the State's claims, and is denied on those bases.  To the extent a response is required, Belle Fourche denies that it violated the referenced laws and regulations.  Belle Fourche cannot reasonably answer because Paragraph 10 fails to comply with F.R.C.P. 8(d)(1) and F.R.C.P. 10(b).

## DEFENDANT

11.     Belle Fourche admits that it is incorporated under the laws of the State of Wyoming.

12.     Belle Fourche denies the allegations of Paragraph 12.

13.     Paragraph 13 is a legal conclusion, to which no response is required, and is therefore denied.

## FEDERAL STATUTORY AND REGULATORY REQUIREMENTS

### Clean Water Act

14.     The allegations contained in Paragraph 14 state legal conclusions and refer to the Clean Water Act ("CWA") which speaks for itself, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 14 that are inconsistent with or mischaracterize the CWA.

US.351067438.03

15.     The allegations contained in Paragraph 15 state legal conclusions and refer to the CWA which speaks for itself, and therefore no response is required. Belle Fourche denies any allegations, express or implied, contained in Paragraph 15 that are inconsistent with or mischaracterize the CWA.

16.     The allegations contained in Paragraph 16 state legal conclusions and refer to the CWA which speaks for itself, and therefore no response is required. Belle Fourche denies any allegations, express or implied, contained in Paragraph 16 that are inconsistent with or mischaracterize the CWA.

17.     The allegations contained in Paragraph 17 state legal conclusions and refer to the CWA which speaks for itself, and therefore no response is required. Belle Fourche denies any allegations, express or implied, contained in Paragraph 17 that are inconsistent with or mischaracterize the CWA.

18.     The allegations contained in Paragraph 18 state legal conclusions and refer to the CWA which speaks for itself, and therefore no response is required. Belle Fourche denies any allegations, express or implied, contained in Paragraph 18 that are inconsistent with or mischaracterize the CWA.

**Federal Pipeline Safety Regulations**

19.     The allegations contained in Paragraph 19 state legal conclusions and refer to the Pipeline Safety Act ("PSA"), which speaks for itself and therefore no

US.351067438.03

response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 19 that are inconsistent with or mischaracterize the PSA.

20.    The allegations contained in Paragraph 20 state legal conclusions and refer to the PSA and its regulations, which speaks for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 20 that are inconsistent with or mischaracterize the PSA and its regulations.

21.    The allegations contained in Paragraph 21 state legal conclusions and refer to the PSA and its regulations, which speaks for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 21 that are inconsistent with or mischaracterize the PSA and its regulations.

22.    The allegations contained in Paragraph 22 state legal conclusions and refer to the PSA and its regulations, which speaks for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 22 that are inconsistent with or mischaracterize the PSA and its regulations.

23.    The allegations contained in Paragraph 23 state legal conclusions and refer to the PSA and its regulations, which speaks for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied,

US.351067438.03

contained in Paragraph 23 that are inconsistent with or mischaracterize the PSA and its regulations.

24.     The allegations contained in Paragraph 24 state legal conclusions and refer to the PSA and its regulations, which speaks for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 24 that are inconsistent with or mischaracterize the PSA and its regulations.

25.     The allegations contained in Paragraph 25 state legal conclusions and refer to the PSA and its regulations, which speaks for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 25 that are inconsistent with or mischaracterize the PSA and its regulations.

26.     The allegations contained in Paragraph 26 state legal conclusions and refer to the PSA and its regulations, which speaks for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 26 that are inconsistent with or mischaracterize the PSA and its regulations.

27.     The allegations contained in Paragraph 27 state legal conclusions and refer to the PSA and its regulations, which speaks for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied,

US.351067438.03

contained in Paragraph 27 that are inconsistent with or mischaracterize the PSA and its regulations.

28.     The allegations contained in Paragraph 28 state legal conclusions and refer to the PSA and its regulations, which speaks for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 28 that are inconsistent with or mischaracterize the PSA and its regulations.

29.     The allegations contained in Paragraph 29 state legal conclusions and refer to the PSA and its regulations, which speaks for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 29 that are inconsistent with or mischaracterize the PSA and its regulations.

30.     The allegations contained in Paragraph 30 state legal conclusions and refer to the PSA and its regulations, which speaks for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 30 that are inconsistent with or mischaracterize the PSA and its regulations.

US.351067438.03

## STATE STATUTORY AND REGULATORY REQUIREMENTS

### Permit Required for Discharges

31.     The allegations contained in Paragraph 31 state legal conclusions and refer to sections of the North Dakota Century Code which speak for itself, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 31 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code.

32.     The allegations contained in Paragraph 32 state legal conclusions and refer to sections of the North Dakota Administrative Code which speaks for itself, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 32 that are inconsistent with or mischaracterize the cited sections of the North Dakota Administrative Code.

### Pollution and Degradation of Water Quality Prohibited

33.     The allegations contained in Paragraph 33 state legal conclusions and refer to sections of the North Dakota Century Code which speaks for itself, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 33 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code.

34.     The allegations contained in Paragraph 34 state legal conclusions and refer to sections of the North Dakota Century Code which speaks for itself, and

US.351067438.03

therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 34 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code.

35.    The allegations contained in Paragraph 35 state legal conclusions and refer to sections of the North Dakota Administrative Code which speak for itself, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 35 that are inconsistent with or mischaracterize the cited sections of the North Dakota Administrative Code.

36.    The allegations contained in Paragraph 36 state legal conclusions and refer to sections of the North Dakota Administrative Code which speaks for itself and therefore no response is required.  The reference in Paragraph 36 to "[a]t all relevant times" renders the allegations too vague to respond to.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 36 that are inconsistent with or mischaracterize the cited sections of the North Dakota Administrative Code.

37.    The allegations contained in Paragraph 37 state legal conclusions and refer to sections of the North Dakota Administrative Code which speak for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 37 that are inconsistent with or mischaracterize the cited sections of the North Dakota Administrative Code.

US.351067438.03

**Spill Reporting Required**

38.     The allegations contained in Paragraph 38 state legal conclusions and refer to sections of the North Dakota Administrative Code which speak for themselves, and therefore no response is required.   Belle Fourche denies any allegations, express or implied, contained in Paragraph 38 that are inconsistent with or mischaracterize the cited sections of the North Dakota Administrative.

**Unpermitted Disposal and Abandonment of Solid Waste Prohibited**

39.     The allegations contained in Paragraph 39 state legal conclusions and refer to sections of the North Dakota Century Code and the North Dakota Administrative Code which speak for themselves, and therefore no response is required.   Belle Fourche denies any allegations, express or implied, contained in Paragraph 39 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code and North Dakota Administrative Code.

40.     The allegations contained in Paragraph 40 state legal conclusions and refer to sections of the North Dakota Administrative Code which speak for themselves, and therefore no response is required.   Belle Fourche denies any allegations, express or implied, contained in Paragraph 40 that are inconsistent with or mischaracterize the cited sections of the North Dakota Administrative Code.

41.     The allegations contained in Paragraph 41 state legal conclusions and refer to sections of the North Dakota Administrative Code which speak for

US.351067438.03

themselves, and therefore no response is required. Belle Fourche denies any allegations, express or implied, contained in Paragraph 41 that are inconsistent with or mischaracterize the cited sections of the North Dakota Administrative Code.

## Penalty

42.     The allegations contained in Paragraph 42 state legal conclusions and refer to sections of the North Dakota Century Code which speak for themselves, and therefore no response is required. Belle Fourche denies any allegations, express or implied, contained in Paragraph 42 that are inconsistent with or mischaracterize the cited sections of the North Century Code.

43.     The allegations contained in Paragraph 43 state legal conclusions and refer to sections of the North Dakota Century Code which speak for themselves, and therefore no response is required. Belle Fourche denies any allegations, express or implied, contained in Paragraph 43 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code.

## Injunctive Relief

44.     The allegations contained in Paragraph 44 state legal conclusions and refer to sections of the North Dakota Century Code which speak for themselves, and therefore no response is required. Belle Fourche denies any allegations, express or implied, contained in Paragraph 44 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code.

US.351067438.03

45.     The allegations contained in Paragraph 45 state legal conclusions and refer to sections of the North Dakota Century Code which speak for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 45 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code.

## Cost Recovery

46.     The allegations contained in Paragraph 46 state legal conclusions and refer to sections of the North Dakota Century Code which speak for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 46 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code.

47.     The allegations contained in Paragraph 47 state legal conclusions and refer to sections of the North Dakota Century Code which speak for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 47 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code.

48.     The allegations contained in Paragraph 48 state legal conclusions and refer to sections of the North Dakota Century Code which speak for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or

US.351067438.03

implied, contained in Paragraph 48 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code.

49.     The allegations contained in Paragraph 49 state legal conclusions and refer to sections of the North Dakota Century Code which speak for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 49 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code.

50.     The allegations contained in Paragraph 50 state legal conclusions and refer sections of the North Dakota Century Code which speak for themselves, and therefore no response is required.  Belle Fourche denies any allegations, express or implied, contained in Paragraph 50 that are inconsistent with or mischaracterize the cited sections of the North Dakota Century Code.

## <u>GENERAL ALLEGATIONS</u>

### Bicentennial Pipeline/Ash Coulee Spill

51.     Belle Fourche admits that it owns the Bicentennial Pipeline, a portion of which runs from Billings County, North Dakota to the Bicentennial pump station in McKenzie County, North Dakota.

52.     Belle Fourche admits the allegations contained in the first sentence of Paragraph 52.  Belle Fourche denies the allegations contained in the second sentence of Paragraph 52.

-13-

53.     Belle Fourche admits that the Skunk Hill to Bicentennial Segment traverses underneath a portion of the Missouri National Grassland.  Belle Fourche is without information sufficient to form a belief as to the size of that grassland compared to all other grasslands, and therefore denies that allegation.

54.     Belle Fourche admits the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 consist of a legal conclusion which require no response. To the extent this allegation requires a response, Belle Fourche admits that Ash Coulee Creek provides water to the Little Missouri River.

56.     The allegation in Paragraph 56 consists of a legal conclusion which require no response. To the extent this allegation requires a response, Belle Fourche admits that the Little Missouri provides water to the Missouri River.

57.     Belle Fourche denies the allegations in Paragraph 57.  See also response to Paragraph 3.

58.     Belle Fourche denies the allegations in Paragraph 58.

59.     Belle Fourche denies the allegations in Paragraph 59.  See also response to Paragraph 3.

60.     The references in Paragraph 60 to "along with certain other information" and "[a]t all relevant times" render the allegations too vague to respond to.  Therefore, Belle Fourche denies the allegations in Paragraph 60.

-14-

**Failure to Adequately Address Known Risk of Slope Failure**

61.     Belle Fourche admits that the Skunk Hill to Bicentennial Segment traverses underneath land that in certain locations has hills.  The terms "unstable terrain," "prone to failure," and "other mass movements" are undefined, conclusory, vague and anecdotal, and Belle Fourche denies the remaining allegations of Paragraph 61 on that basis.  Further, Belle Fourche is without sufficient information to form a belief as to the truth of those allegations because those terms are not defined to any level of certainty that would allow for a response.

62.     Belle Fourche admits that a failure (the "Failure") occurred on the segment of the Bicentennial Pipeline from the Skunk Hill station to the Bicentennial station near Milepost 17.4 ("Segment"), in December 2016. The reference in Paragraph 62 to "[o]n or about December 1, 2016" renders the allegations too vague to respond to.  Therefore, Belle Fourche denies the allegations in Paragraph 62. Additionally, Belle Fourche objects to the definition of the "Site" which is vague and ambiguous.

63.     Belle Fourche denies the allegations in Paragraph 63.  See also response to Paragraph 3.

64.     Belle Fourche denies the allegations in Paragraph 64.  See also response to Paragraph 3.

US.351067438.03

65.     The references in Paragraph 65 to "landslide," "slope failure," "other mass movement," "Site," and "in or before 2012" render the allegations too vague to respond to. Belle Fourche is without information sufficient to form a belief as to conditions at the location of the Failure prior to 2012 and therefore denies the allegations in Paragraph 65.

66.     The references in Paragraph 66 to "landslide," "slope failure," "other mass movement," and "Site" render the allegations too vague to respond to. Belle Fourche admits that it replaced a section of the Segment using the HDD method in 2013. Belle Fourche denies the remaining allegations of Paragraph 66.

67.     Belle Fourche admits that it did not do "soil borings" at the time it replaced a section of the Segment in 2013, and because it did not do so, admits that it did not use "soil boring" data. The references in Paragraph 67 to "geotechnical data," "Site," "unstable soils," "slope failure," and "other mass movements" render the allegations too vague to respond to. Therefore, Belle Fourche denies the remaining allegations of Paragraph 67.

68.     Belle Fourche denies the allegations in Paragraph 68.

69.     Belle Fourche denies the allegations in Paragraph 69.

**Failure to Correct Mis-Calibrated Flow Meter at Bicentennial Station**

70.     Belle Fourche denies the allegations in Paragraph 70. See also response to Paragraph 3.

US.351067438.03

71.     Belle Fourche admits that the line balancing system could generate data allowing for a comparison, based on meter readings of crude oil metered volume measured utilizing a meter at the Skunk Hill station and the Bicentennial station. Belle Fourche denies the remaining allegations in Paragraph 71.

72.     Belle Fourche denies the allegation in Paragraph 72.

73.     Belle Fourche denies the allegations in Paragraph 73.

74.     Belle Fourche denies the allegation in Paragraph 74.

75.     Belle Fourche denies the allegations in Paragraph 75.

76.     Belle Fourche denies the allegations in Paragraph 76.

77.     Belle Fourche denies the allegations in Paragraph 77.

78.     Belle Fourche denies the allegations in Paragraph 78.

79.     Belle Fourche denies the allegations in Paragraph 79.

80.     Belle Fourche denies the allegations in Paragraph 80.

81.     Belle Fourche denies the allegations in Paragraph 81.

82.     Belle Fourche denies the allegations in Paragraph 82.

83.     Belle Fourche denies the allegations in Paragraph 83.

84.     Belle Fourche denies the allegations in Paragraph 84.

85.     Belle Fourche denies the allegations in Paragraph 85.

86.     Belle Fourche denies the allegations of Paragraph 86.

US.351067438.03

87.     Belle Fourche denies the allegations in Paragraph 87, including the allegations in Footnote 1.  See also response to Paragraph 3.

### Failure to Immediately Shutdown Based on Flow Imbalance

88.     Belle Fourche denies the allegations in Paragraph 88.

89.     Belle Fourche denies the allegations in Paragraph 89.

90.     Belle Fourche denies the allegations in Paragraph 90.

91.     Belle Fourche admits the general descriptions in the first sentence of Paragraph 91. Belle Fourche admits that the "scheduler" receives information containing data reflecting meter numbers that he puts into a spreadsheet, denies that this information necessarily reflects exact volumes, and admits that this information allows him to notice differences in the meter information.  Belle Fourche denies the remaining allegations of Paragraph 91.

92.     Belle Fourche denies the allegations in Paragraph 92.

93.     Belle Fourche admits that on December 3, 2016, the "scheduler" reported to the control room the differences in the meter readings between the meter at the Skunk Hill station and the Bicentennial station.  Belle Fourche denies the remaining allegations in Paragraph 93.

94.     Belle Fourche admits that on December 3, 2016, the "scheduler" reported to the control room the differences in the meter readings between the meter at the Skunk Hill station and the Bicentennial station.  Belle Fourche admits a

-18-

controller reviewed trend data and spoke with field employees.  Belle Fourche denies the remaining allegations in Paragraph 94.

94. Belle Fourche denies the allegations in Paragraph 95.

95. Belle Fourche denies the allegations in Paragraph 95.

96. Belle Fourche denies the allegations in Paragraph 96.

97. Belle Fourche denies the allegations in Paragraph 97.

98. Belle Fourche denies the allegations in Paragraph 98, except admits that the Segment remained in operation until December 5, 2016, when a local rancher reported a spill to Belle Fourche.

### Cause and Impact of Ash Coulee Spill

99. Belle Fourche denies the allegation in Paragraph 99.  See also response to Paragraph 3.

100. Belle Fourche denies the allegation in Paragraph 100.

101. Belle Fourche denies the allegation in Paragraph 101.  See also response to Paragraph 3.

102. Belle Fourche denies the allegation in Paragraph 102.  See also response to Paragraph 3.

103. Belle Fourche denies the allegation in Paragraph 103.  See also response to Paragraph 3.

104. Belle Fourche denies the allegation in Paragraph 104.  See also response to Paragraph 3.

US.351067438.03

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### By the United States: Civil Penalties for Ash Coulee Spill
### 33 U.S.C. § 1321(b)

105.   Belle Fourche incorporates its responses to Paragraphs 1-104 as if fully set for the herein.

106.   The reference in Paragraph 106 to "[a]t all relevant times" renders the allegations too vague to respond to.  Therefore, Belle Fourche denies the allegations in Paragraph 106.

107.   The allegations in Paragraph 107 state conclusions of law to which no response is required and are denied on that basis.

108.   Belle Fourche denies the allegations in Paragraph 108.

109.   The allegations in Paragraph 109 state conclusions of law to which no response is required and are denied on that basis.

110.   The allegations in Paragraph 110 state conclusions of law to which no response is required and are denied on that basis.

111.   The allegations in Paragraph 111 state conclusions of law to which no response is required and are denied on that basis.

112.   The allegations in Paragraph 112 state conclusions of law to which no response is required and are denied on that basis.

113.   Belle Fourche denies the allegation in Paragraph 113.

US.351067438.03

114.   Belle Fourche denies the allegations in in Paragraph 114.

## SECOND CAUSE OF ACTION

### By the United States: Injunctive Relief under CWA Section 309(b)
### 33 U.S.C. § 1319(b)

115.   Belle Fourche incorporates its responses to Paragraphs 1-104 as if fully set for the herein.

116.   The allegations in Paragraph 116 state conclusions of law to which no response is required and are denied on that basis.

117.   The allegations in Paragraph 117 state conclusions of law to which no response is required and are denied on that basis.

118.   The allegations in Paragraph 118 state conclusions of law to which no response is required and are denied on that basis.

119.   The allegations in Paragraph 119 state conclusions of law to which no response is required and are denied on that basis.  Belle Fourche denies that it is liable as alleged in Paragraph 119.

120.   Belle Fourche denies the allegation in Paragraph 120.

## THIRD CAUSE OF ACTION

### By the United States: Civil Penalties, Punitive Damages, and Injunctive Relief under the Federal Pipeline Safety Regulations (Failure to Take Measures to Prevent and Mitigate the Consequences of a Failure of the Skunk Hill to Bicentennial Segment) 49 C.F.R. § 195.452

121.   Belle Fourche incorporates its responses to Paragraphs 1-104 as if fully set for the herein.

-21-

122.   The allegations in Paragraph 122 state conclusions of law to which no response is required and are denied on that basis.

123.   The allegations in Paragraph 123 state conclusions of law to which no response is required and are denied on that basis.

124.   The allegations in Paragraph 124 state conclusions of law to which no response is required and are denied on that basis.

125.   Belle Fourche denies the allegations in Paragraph 125.   See also response to Paragraph 3.

126.   The allegations in Paragraph 126 state conclusions of law to which no response is required and are denied on that basis.

127.   Belle Fourche denies the allegations in Paragraph 127.   See also Paragraph 3.

128.   Belle Fourche denies the allegations in Paragraph 128.   See also response to Paragraph 3.

129.   Belle Fourche denies the allegations in Paragraph 129.

130.   Belle Fourche denies the allegations in Paragraph 130.

131.   Belle Fourche denies the allegations in Paragraph 131.

132.   Belle Fourche denies the allegations in Paragraph 132.

US.351067438.03

## FOURTH CAUSE OF ACTION

**By the United States: Civil Penalties, Punitive Damages, and Injunctive Relief under the Federal Pipeline Safety Regulations**
**(Failure to Correct Conditions That Could Adversely Affect Safe Operation)**
**49 C.F.R. § 195.401(b)(1)**

133.   Belle Fourche incorporates its responses to Paragraphs 1-104 as if fully set for the herein.

134.   Belle Fourche admits the allegations in Paragraph 134.

135.   Belle Fourche denies the allegations in Paragraph 135.   See also Paragraph 3.

136.   Belle Fourche denies the allegations in Paragraph 136.

137.   Belle Fourche denies the allegations in Paragraph 137.

138.   Belle Fourche denies the allegations in Paragraph 138.

139.   Belle Fourche denies the allegations in Paragraph 139.

140.   Belle Fourche denies the allegations in Paragraph 140.

141.   Belle Fourche denies the allegations in Paragraph 141.

142.   Belle Fourche denies the allegations in Paragraph 142.

143.   Belle Fourche denies the allegations in Paragraph 143.

## FIFTH CAUSE OF ACTION

**By the State: Civil Penalties Under**
**N.D. Cent. Code Chapter 61-28**

144.   Belle Fourche incorporates its responses to Paragraphs 1-104 as if fully set for the herein.

US.351067438.03

145.   Belle Fourche denies the allegations in Paragraph 145.

146.   The allegations in Paragraph 146 state conclusions of law to which no response is required and are denied on that basis.

147.   The allegations in Paragraph 147 state conclusions of law to which no response is required and are denied on that basis.

148.   The allegations in Paragraph 148 state conclusions of law to which no response is required and are denied on that basis.

149.   The allegations in Paragraph 149 state conclusions of law to which no response is required and are denied on that basis.

## Unpermitted Discharge

150.   The allegations in Paragraph 150 state conclusions of law to which no response is required and are denied on that basis.

151.   Belle Fourche denies the allegations in Paragraph 151.

## Pollution and Degradation of Water Quality

152.   The allegations in Paragraph 152 state conclusions of law to which no response is required and are denied on that basis.

153.   The allegations in Paragraph 153 state conclusions of law to which no response is required and are denied on that basis.

154.   Belle Fourche denies the allegations in Paragraph 154.   See also response to Paragraph 3.

US.351067438.03

155.   Belle Fourche denies the allegations in Paragraph 155.   See also response to Paragraph 3.

156.   Belle Fourche denies the allegations in Paragraph 156.

## Failure to Report

157.   Belle Fourche denies the allegations in Paragraph 157.   See also Paragraph 3.

158.   Belle Fourche denies the allegations in Paragraph 158.   See also response to Paragraph 3.

159.   Belle Fourche denies the allegations in Paragraph 159.   See also response to Paragraph 3.

## Penalties

160.   Belle Fourche denies the allegations in Paragraph 160.

## SIXTH CAUSE OF ACTION

### By the State: Civil Penalties Under
### N.D. Cent. Code Chapter 23-29

161.   Belle Fourche incorporates its responses to Paragraphs 1-104 as if fully set for the herein.

162.   The allegations in Paragraph 162 state conclusions of law to which no response is required and are denied on that basis.

163.   The allegations in Paragraph 163 state conclusions of law to which no response is required and are denied on that basis.

US.351067438.03

164.   The allegations in Paragraph 164 state conclusions of law to which no response is required and are denied on that basis.

165.   Belle Fourche denies the allegations in Paragraph 165.   See also response to Paragraph 3.

### Unpermitted Disposal

166.   The allegations in Paragraph 166 state conclusions of law to which no response is required and are denied on that basis.

167.   Belle Fourche denies the allegations in Paragraph 167.

### Abandonment of Solid Waste

168.   Belle Fourche denies the allegations in Paragraph 168.

169.   Belle Fourche denies the allegations in Paragraph 169.

### Penalties

170.   Belle Fourche denies the allegations in Paragraph 170.

### SEVENTH CAUSE OF ACTION

### By the State: Injunctive Relief Under
### N.D. Cent. Code Chapters 61-28 and 23-29

171.   Belle Fourche incorporates its responses to Paragraphs 1-104 as if fully set for the herein.

172.   Bell Fourche denies the allegations in Paragraph 172.

173.   Belle Fourche denies the allegations in Paragraph 173.

US.351067438.03

## EIGHTH CAUSE OF ACTION

### By the State: Cost Recovery Under
### N.D. Cent. Code Chapters 23-31 and 23.1-10

174.   Belle Fourche incorporates its responses to Paragraphs 1-104 as if fully set for the herein.

175.   The allegations in Paragraph 175 state conclusions of law to which no response is required and are denied on that basis.

176.   The allegations in Paragraph 176 state conclusions of law to which no response is required and are denied on that basis.

177.   Belle Fourche admits that NDDEQ sent Belle Fourche a letter dated December 9, 2016.   The content of the letter speaks for itself and Belle Fourche denies any allegations inconsistent with the content of the letter.

178.   The allegations in Paragraph 178 state conclusions of law to which no response is required and are denied on that basis.

179.   The allegations in Paragraph 179 state conclusions of law to which no response is required and are denied on that basis.

180.   Belle Fourche denies the allegations in Paragraph 180.   See also response to Paragraph 3.

181.   Belle Fourche denies the allegations in Paragraph 181.   See also response to Paragraph 3.

Defendant denies that Plaintiffs are entitled to any relief.

US.351067438.03

Defendant denies any remaining allegations contained in the Complaint, including any allegations or claims for relief set forth in the preamble, prayer for relief, unnumbered headings or titles, or footnotes, which are not otherwise expressly and specifically admitted heretofore in this Answer as being true.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Belle Fourche upon which relief can be granted because Plaintiffs cannot prove all the elements of their claims, including, without limitation, proving compliance with statutory prerequisites to asserting claims, and because Plaintiffs seek to impose obligations beyond those set forth in the statutes and regulations that form the basis of their claims.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over the CWA claim, the State's claims, and any request for prospective injunctive relief.

### THIRD DEFENSE

The claims are barred in whole or part by the applicable statutes of limitations, because the claims arose outside the limitations period.

### FOURTH DEFENSE

The claims and requested relief are barred by the doctrines of estoppel, waiver and acquiescence, since in the years prior to the assertion of their claims, Plaintiffs

US.351067438.03

had knowledge of the relevant facts underlying their claims and the opportunity to assert or address those claims but failed to take any action against Belle Fourche or require additional or different action or compliance by Belle Fourche. Additionally, Plaintiffs allowed, authorized, and/or approved changes to Belle Fourche's facilities, systems, and processes that either moot the relief sought or are inconsistent with the relief Plaintiffs now seek. Belle Fourche has relied upon Plaintiffs' representations, findings, actions, and inactions to its detriment.

### FIFTH DEFENSE

The claims are barred, in whole or in part, because Belle Fourche cannot be subject to multiple penalties under different laws related to the same incident, and the penalties sought by Plaintiffs must be offset to the amount of any penalties paid by Belle Fourche or on its behalf.

### SIXTH DEFENSE

The claims are barred, in whole or in part, due to an "Act of God," namely the geological event that caused the pipeline to fail.

### SEVENTH DEFENSE

The request for injunctive relief is barred because it is overbroad and fails to adequately specify the grounds and scope of the requested injunctive relief.

US.351067438.03

## EIGHTH DEFENSE

The claims are barred, in whole or in part, because Plaintiffs' commencement and prosecution of this enforcement action is arbitrary and capricious, an abuse of discretion, and contrary to law.

## NINTH DEFENSE

The claims are barred in whole or part because Belle Fourche has been intentionally treated differently from others similarly situated with regard to enforcement for alleged enforcement of PSA violations, injunctive relief, and remediation.

## TENTH DEFENSE

Plaintiffs seeks to impose excessive fines that fail to bear a relationship to the gravity of the alleged violations, are grossly disproportional, and discriminatory, and therefore are in violation of the North Dakota and United States Constitutions.

## ELEVENTH DEFENSE

The PSA claims are barred in whole or part by the doctrines of res judicata and collateral estoppel (claim and issue preclusion), based on the Corrective Action Order issued to Belle Fourche and partially closed by PHMSA and based upon final administrative action.

US.351067438.03

**TWELFTH DEFENSE**

Plaintiffs' claims are barred by PHMSA's failure to provide "fair notice" of its new interpretation of the Integrity Management regulations and North Dakota's failure to provide "fair notice" of its new interpretation of the discharge reporting regulations.

**THIRTEENTH DEFENSE**

The Court cannot or should not exercise supplemental jurisdiction over the State's claims.

**FOURTEENTH DEFENSE**

The claims and requested relief are barred by the doctrine of laches because Plaintiffs inexcusably delayed the commencement of this lawsuit, which prejudiced Belle Fourche.

**FIFTEENTH DEFENSE**

The Plaintiffs' claims are unconstitutional because they fail to comply with the Due Process, Equal Protection, and Takings Clauses of the United States Constitution.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred by their failure to complete open administrative actions.

US.351067438.03

## SEVENTEENTH DEFENSE

Plaintiffs' claims and requested relief are barred or limited both by Plaintiffs' own failure to mitigate alleged damages and by Belle Fourche's successful mitigation efforts.

*          *          *

Belle Fourche reserves the right to assert further affirmative defenses as disclosures and discovery proceeds.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Belle Fourche respectfully prays this court to:

1.  Deny all claims and forms of relief sought by the Plaintiffs in the complaint;

2.  Enter a judgment for Belle Fourche;

3.  Award Belle Fourche its costs of this action and its attorneys' fees; and

4.  Grant other such relief to Belle Fourche as this court deems just and proper.

US.351067438.03

DATED this 14th day of July 2022.

**CROWLEY FLECK PLLP**

*/s/ Benjamin J. Sand*

Benjamin J. Sand (ND ID #07981)
100 West Broadway Ave., Suite 250
P.O. Box 2798
Bismarck, ND  58502-2798
bsand@crowleyfleck.com
Telephone: (701) 223-6585
Facsimile: (701) 222-4853

JEFFERY J. OVEN
PAMELA C. GARMAN
490 North 31st St., Suite 500
Billings, MT  59101
Telephone: (406) 252-3441
joven@crowleyfleck.com
pgarman@crowleyfleck.com

NEIL G. WESTESEN
900 North Last Chance Gulch, Suite 200
Helena, MT 59601
Telephone: (406) 556-1430
Facsimile: (406) 556-1433
nwestesen@crowleyfleck.com

US.351067438.03

**FAEGRE DRINKER BIDDLE &
REATH LLP**

COLIN G. HARRIS
LAURENCE W. DEMUTH, III
MATTHEW D. CLARK
1470 Walnut Street, Suite 300
Boulder, CO 80302
Telephone: 303-447-7700
Facsimile: 303-447-7800
colin.harris@faegredrinker.com
trip.demuth@faegredrinker.com
matthew.clark@faegredrinker.com

*Attorneys for Defendant*

US.351067438.03